UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**86 CIV. 9462**

**JUDGE EDELSTEIN**

SECURITIES AND EXCHANGE COMMISSION

       Plaintiff,

  - against -

MICHAEL N. DAVID,

       Defendant.

86 Civ.

**COMPLAINT**

Plaintiff Securities and Exchange Commission ("Commission"), for its Complaint in this civil injunctive action, alleges:

1. Defendant Michael N. David ("David"), directly and indirectly, has engaged and is about to engage in acts, transactions, practices and courses of business which constitute and will constitute violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78j(b), Rule 10b-5 promulgated thereunder, 17 C.F.R. 240.10b-5, and Section 14(e) of the Exchange Act, 15 U.S.C. §78n(e), and Rule 14e-3 promulgated thereunder, 17 C.F.R. 240.14e-3.

2. The Commission, pursuant to authority contained in Sections 10(b), 14(e) and 23(a) of the Exchange Act, 15 U.S.C. §§78j(b), 78n(e) and 78w(a), has promulgated Rule 10b-5, 17 C.F.R. §240.10b-5, and Rule 14e-3, 17 C.F.R. §240.14e-3. These rules and regulations were in effect at all times relevant herein, and they are now in effect.

3. David will, unless enjoined and restrained by this Court, continue to engage in the acts, transactions, practices and courses of business alleged herein, or in acts, transactions,

practices and courses of business of similar purport or object, in violation of Sections 10(b) and 14(e) of the Exchange Act, 15 U.S.C. §§78j(b), 78n(e), and Rules 10b-5 and 14e-3 promulgated thereunder, 17 C.F.R. §§240.10b-5, 240.14e-3.

### JURISDICTION AND VENUE

4.   The Commission brings this action to enjoin the aforementioned acts, transactions, practices and courses of business pursuant to Sections 21(d) and 21(e) of the Exchange Act, 15 U.S.C. §§78u(d) and 78u(e).

5.   This Court has jurisdiction of this action pursuant to Sections 21(e) and 27 of the Exchange Act, 15 U.S.C. §§78u(e), 78aa.

6.   Certain of the acts, transactions, practices and courses of business described herein as constituting violations of the Exchange Act have occurred within the jurisdiction of the United States District Court for the Southern District of New York. They were effected by making use of the means or instrumentalities of interstate commerce, of the mails or of the facilities of a national securities exchange.

### THE DEFENDANT

7.   David resides and at all times relevant to this complaint has resided at 300 East 75th Street, New York, New York 10021.

8.   From on or about June 24, 1985 to on or about March 26, 1986, David was employed as a corporate/bankruptcy associate

attorney with the law firm of Paul, Weiss, Rifkind, Wharton & Garrison ("Paul Weiss").

### THE DEFENDANT'S EMPLOYER

9. Paul Weiss was at all times relevant to this complaint a law firm with offices at 345 Park Avenue and 919 Third Avenue, New York, New York. Between June 24, 1985 and March 26, 1986, while David was employed by Paul Weiss, Paul Weiss represented various clients in connection with proposed, anticipated or considered corporate mergers, acquisitions, tender offers, leveraged buyouts and/or other forms of corporate acquisition or business combination (hereinafter sometimes collectively referred to as "takeovers"). Among the clients whom Paul Weiss so represented were the following:

| Client | Status of Client | Other Party To Takeover |
|---|---|---|
| GAF Corp. | Acquirer | Union Carbide Corp. |
| Paul Weiss Client "A" | Acquirer | Target of Paul Weiss Client "A" |
| Dominion Textile | Acquirer | Avondale Mills |
| Paul Weiss Client "B" | Acquirer | Target of Paul Weiss Client "B" |

Each of the above-mentioned clients had a relationship of trust and/or confidence with Paul Weiss, and each entrusted Paul Weiss, its partners, employees and/or agents with material, nonpublic information regarding the subject matter of the firm's representation with the expectation of receiving legal advice and with the expectation of confidentiality.

3

## ACTIVITIES OF THE DEFENDANT

10. Beginning in or around October 1985 and continuing into March 1986, David, by virtue of his employment at Paul Weiss, obtained material nonpublic information from Paul Weiss and/or its partners, associates, employees or agents concerning proposed, anticipated or considered corporate takeovers involving certain Paul Weiss clients, including but not limited to GAF Corp. ("GAF"), Paul Weiss Client "A", Dominion Textile ("Dominion") and Paul Weiss Client "B". In addition, David obtained material, nonpublic information from sources outside the firm concerning certain of these Paul Weiss clients and/or other companies that were involved in or considering corporate takeovers.

11. In each case, David wilfully misappropriated the information or otherwise obtained it improperly, or in breach of a duty of trust or confidence reposed in him or his firm. David knew or had reason to know such information was nonpublic and material. Further, David wilfully conveyed the information to persons who thereafter traded in securities of the takeover targets for their own accounts, or in an account in which David was to receive a portion of the profits along with others, while in possession of the information, or who conveyed the information to others who traded in securities of those companies while in possession of it.

12. By conveying this material nonpublic information to others, David received several benefits. As already noted, David was to receive a portion of the profits made or to be made in a

4

certain brokerage account as a result of information he provided. Further, David received or expected to receive material nonpublic information in return for information he provided. Also, as a consequence of dealing in such information, David developed and cultivated relationships with individuals in the investment community.

## EXAMPLES OF DEFENDANT'S ILLEGAL ACTIVITIES

### Union Carbide Corporation

13. In or around late November, early December 1985 David learned from Paul Weiss that GAF was preparing to make a tender offer for Union Carbide. Such information was material and nonpublic and David had a duty to keep it confidential.

14. David conveyed this information (including his knowledge that the source of the information was Paul Weiss and that the firm's client was GAF) to others. Certain recipients of the information traded in securities of Union Carbide for their own accounts while in possession of it, or provided the information to others who traded in securities of Union Carbide while in possession of it prior to any relevant public announcement.

15. GAF's bid for Carbide was announced on December 9, 1985.

### PAUL WEISS CLIENT "A"

16. In or around early February 1986, David learned, by virtue of his employment at Paul Weiss, facts which indicated that Paul Weiss Client "A" was considering a takeover of Paul Weiss Client "A's" target. Such information was material and nonpublic and David had a duty to keep it confidential.

5

17. David conveyed this information (including his knowledge that the source of the information was Paul Weiss and that the firm's client was Paul Weiss Client "A") to persons who traded in securities of Paul Weiss Client "A's" Target while in possession of it, or who, in turn, provided the information to others who traded securities of Paul Weiss Client "A's" Target while in possession of it, prior to any relevant public announcement.

### AVONDALE MILLS

18. Beginning in or around late January and continuing into February 1986 David learned from various sources at Paul Weiss that Dominion Textile, a Paul Weiss client, was planning to make a tender offer for Avondale Mills. Such information was material and nonpublic and David had a duty to keep such information confidential.

19. David conveyed the information (including his knowledge that the source was Paul Weiss and/or that the firm's client was Dominion) to others who traded in the securities of Avondale while in possession of the information or who, in turn, conveyed the information to others who traded in securities of Avondale while in possession of it, prior to any public announcement of Dominion's bid.

20. On February 26, 1986, Dominion announced a $24 per share tender offer for Avondale.

21. Thereafter, David learned facts from within Paul Weiss which indicated that Dominion would raise its bid. Such informa-

6

tion was material and nonpublic and David had a duty to keep such information confidential.

22. David conveyed this additional information concerning Dominion's second bid (including his knowledge that the source was Paul Weiss and that the firm's client was Dominion) to persons who traded in securities of Avondale while in the possession of it or who, in turn, conveyed the information to others who traded in securities of Avondale while in possession of it, prior to any relevant public announcement.

23. On March 18, 1986 Dominion announced its second bid for Avondale of $26 per share.

### PAUL WEISS CLIENT "B"

24. In or around late February 1986, David learned from various sources at Paul Weiss, that Paul Weiss had been retained to represent Paul Weiss Client "B" in connection with a proposed takeover of Paul Weiss Client "B's" Target. Such information was material and nonpublic and David had a duty to keep it confidential.

25. Subsequently, David conveyed the information regarding Paul Weiss Client "B's" proposed takeover (including his knowledge that the source was Paul Weiss and that Paul Weiss represented Client "B") to various persons who traded in securities of Paul Weiss Client "B's" Target while in possession of the information, or gave the information to others who traded in securities of Client "B's" Target while in possession of the information, before any relevant public announcement.

26. By the morning of March 13, 1986, certain accounts controlled by David's broker, including an account in which David was to receive one-third of the profits based on information he provided, had netted substantial profits from trading in securities of Client "B's" Target. The broker made these trades while in possession of the aforementioned material nonpublic information supplied by David.

### COUNT I

**VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT, 15 U.S.C. SECTION 78j(b), AND RULE 10b-5 PROMULGATED THEREUNDER, 17 C.F.R. SECTION 240.10b-5, -- FRAUD IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES**

27. The Commission realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 26 above.

28. From in or around October 1985 to the present, David violated and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act, 15 U.S.C. Section 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. Section 240.10b-5, in that he knowingly or recklessly, singly or in concert with others, directly and indirectly, in connection with the purchase or sale of securities of Union Carbide Corp., Paul Weiss Client "A", Avondale Mills, Paul Weiss Client "B" and other companies, by use of the means or instrumentalities of interstate commerce and of the mails and of the facilities of a national securities exchange, (i) has employed and will employ devices, schemes, and artifices to defraud; (ii) has made or will make untrue statements of

material fact, or has omitted and will omit to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (iii) has engaged in acts, transactions, practices, and courses of business which have operated and will operate as a fraud and deceit upon purchasers of those securities and other persons.

29. As part and in furtherance of the violative conduct described above, David, knowingly or recklessly, singly or in concert with others, directly or indirectly, received material non-public information concerning actual or proposed takeovers involving public companies by misappropriating or otherwise obtaining the information from Paul Weiss or elsewhere and improperly providing it to others for his personal benefit, in breach of a trust or confidence reposed in Paul Weiss, in David and/or others, or in breach of obligations imposed upon David by Paul Weiss or by operation of law.

30. Recipients of this information (including in at least one instance David's own broker acting for his own benefit, for David's benefit and for the benefit of another) traded in securities of such companies while in possession of the information.

31. By reason of the foregoing, David has violated Section 10(b) of the Exchange Act, 15 U.S.C. Section 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. Section 240.10b-5, and unless enjoined, will continue to engage in such acts, transactions, practices and courses of business.

## COUNT II

**VIOLATIONS OF SECTION 14(e) OF THE EXCHANGE ACT, 15 U.S.C. SECTION 17n(e), AND RULE 14e-3 PROMULGATED THEREUNDER, 17 C.F.R. SECTION 240.14e-3 -- FRAUD IN CONNECTION WITH TENDER OFFERS**

32.  The Commission realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 31 above.

33.  From in or around October 1985 to the present, David violated and, unless enjoined, will continue to violate Section 14(e) of the Exchange Act, 15 U.S.C. Section 78n(e), and Rule 14e-3 promulgated thereunder, 17 C.F.R. Section 240.14e-3, in that after the commencement of tender offers, or the taking of a substantial step or steps to commence a tender offer for the securities of Union Carbide, Paul Weiss Client "A's" Target, Avondale Mills, Paul Weiss Client "B's" Target and other public companies, he directly and indirectly, engaged in fraudulent, deceptive and manipulative acts and practices in connection with said proposed or actual tender offers, by purchasing or causing to be purchased the securities of those subject companies, while in possession of material nonpublic information relating to said tender offers, which information David knew or had reason to know was obtained directly or indirectly, from the offering persons, said issuers or a person acting on behalf of the offering persons or said issuers, and without disclosing publicly such information and its source within a reasonable time prior to such purchases.

34.  David also conveyed such information to other persons knowing or having reason to know that such persons would purchase

10

or sell or cause the purchase or sale of securities of the subject companies.

35. By reason of the foregoing, David directly and indirectly, violated Section 14(e) of the Exchange Act, 15 U.S.C. §78n(e), and Rule 14e-3 promulgated thereunder, 17 C.F.R. §240.14e-3, and unless enjoined, will continue to engage in such acts, transactions, practices and courses of business.

**WHEREFORE**, plaintiff Securities and Exchange Commission respectfully demands:

A.  A Final Judgment of Permanent Injunction enjoining defendant David, his officers, agents, servants, employees, attorneys and all persons in active concert or participation with him, and each of them, directly and indirectly, singly or in concert, in connection with the purchase or sale of any security, by the use of any means or instrumentalities of interstate commerce, or by the means or instruments of transportation or communication in interstate commerce, or of the mails, or of the facilities of any national securities exchange, from:

    (a)  employing any device, scheme, or artifice to defraud;

    (b)  making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)  engaging in any act, transaction, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b), or Rule 10b-5 thereunder, 17 C.F.R. §240.10b-5;

  B. A Final Judgment of Permanent Injunction enjoining defendant David, his officers, agents, servants, employees, attorneys and all persons in active concert or participation with him, and each of them, directly and indirectly, singly or in concert, in connection with any tender offer, request or invitation for tenders of the shares of an issuer, from engaging in any fraudulent, deceptive, or manipulative act or practice by, among other things:

   (1) trading in the securities sought or to be sought in such tender offer, request or invitation while in possession of material information relating to said tender offer which they know or have reason to know is nonpublic and know or have reason to know was acquired directly or indirectly from the offering person, the issuer of the securities sought or to be sought by such tender offer, request or invitation or from any person acting on behalf of the offering person or such issuer, without disclosing such information and its source within a reasonable time prior to trading; or

   (2) communicating material information relating to a tender offer, which information they know or have reason to know is nonpublic and know or have reason to know was acquired directly or indirectly from the offering person, the issuer of the securities sought or to be

12

sought in the tender offer, or any person acting on behalf of the offering person or such issuer, to any other person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of the securities of any issuer, in violation of Rule 14e-3, 17 C.F.R. Section 240.14e-3, adopted pursuant to Sections 14(e) and 23(a) of the Exchange Act, 15 U.S.C. Sections 78n(e), 78w(a);

C.   A Final Order directing defendant David to make appropriate disgorgement in the sum of $50,000, in addition to paying a civil penalty not to exceed $100,000 thereon under the Insider Trading Sanctions Act of 1984, 15 U.S.C. Section 78u(d)(2)(a); and

D.   Such other and further relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

*[signature]*

ANNE C. FLANNERY
Associate Regional Administrator

Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
26 Federal Plaza
New York, NY  10278
Telephone No.:  (212) 264-1630

Of Counsel:

    Carmen J. Lawrence
    Jeffrey R. Zuckerman
    Richard Paley
    Susan Davidowitz

Dated:    New York, New York
           December       , 1986