Doc # 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION

                Plaintiff,

    - against -

MICHAEL N. DAVID,

                Defendant.

86 Civ. 9462 (DNE)

FINAL CONSENT
JUDGMENT OF
PERMANENT
INJUNCTION AND
OTHER RELIEF
AGAINST MICHAEL
N. DAVID

DEC 19 1986

I

Plaintiff Securities and Exchange Commission ("Commission"),
having commenced this action by filing its complaint on December
8, 1986, charging defendant Michael N. David ("David") with viola-
tions of Sections 10(b) of the Securities Exchange Act of 1934
("Exchange Act"), 15 U.S.C. §78j(b), Rule 10b-5 promulgated
thereunder, 17 C.F.R. 240.10b-5, and Section 14(e) of the Exchange
Act, 15 U.S.C. §78n(e) and Rule 14e-3 promulgated thereunder, 17
C.F.R. 240.14e-3, and there having been no trial with respect to
these charges, and defendant David having executed the Consent and
Undertakings which is annexed hereto and incorporated herein,
having waived the entry of findings of fact and conclusions of law
pursuant to Rule 52 of the Federal Rules of Civil Procedure
("F.R.C.P."), and the parties desiring to resolve the issue of
permanent injunctive and other equitable relief in this matter,
and defendant David having admitted to the in personam and subject
matter jurisdiction of this Court, having admitted to the allega-
tions contained in the Complaint, and having consented to the
entry of this Final Consent Judgment Of Permanent Injunction and

A TRUE COPY
JAMES M. PARKISON, Clerk

Other Relief Against Michael N. David ("Final Judgment") without further notice and there being no just reason for delay in the entry of this Final Judgment:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that defendant David, his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with him, and each of them, be and hereby are permanently enjoined and restrained from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by the use of any means or instrumentalities of interstate commerce or by the means or instruments of transportation or communication in interstate commerce, or of the mails, or the facilities of any national securities exchange:

(1)   employing any device, scheme or artifice to defraud;

(2)   making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3)   engaging in any act, transaction, practice or course of business which operates or would operate as a fraud or deceit upon purchasers or upon any other persons,

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b) or Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, by among other things:

(a)   purchasing or selling securities or causing such securities to be purchased or sold while in possession

2

of material, nonpublic information concerning publicly traded companies or actual or proposed business combinations, mergers, acquisitions or tender offers involving a public company, unless within a reasonable time prior to any such purchase or sale, such information and its source are publicly disclosed by press release or otherwise;

(b)  conveying or causing the conveyance of such information to persons whom he knows, or has reason to know, will purchase or sell securities of public companies involved in such mergers, acquisitions or tender offers, or negotiations, discussions or litigation involving such transactions or events; or

(c)  misappropriating, converting or obtaining by other illegal acts, in breach of a fiduciary duty, material nonpublic information concerning, inter alia, publicly traded companies or actual or proposed business combinations, mergers, acquisitions or tender offers involving a public company.

## II

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant David, his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with him, and each of them, be and hereby are permanently enjoined and restrained, directly or indirectly, in connection with any tender offer, request or invitation for tenders of the shares of an issuer, from

3

engaging in any fraudulent, deceptive, or manipulative act or practice by, among other things:

(1)    purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, or any security convertible into or exchangeable for any such security or any option or right to obtain or dispose of the foregoing securities, while in possession of material information relating to said tender offer which he knows or has reason to know is nonpublic and knows or has reason to know was acquired directly or indirectly from i) the offering person, ii) the issuer of the securities sought or to be sought by such tender offer, or iii) any officer, director, partner or employee or any other person acting on behalf of the offering person or such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed, or they purchase any security while acting in the capacity of a broker or agent on behalf of the offering person or they sell any such security to the offering person; or

(2)    communicating material nonpublic information relating to a tender offer, which information he knows or has reason to know was acquired directly or indirectly from i) the offering person, ii) the issuer of the securities sought or to be sought in the tender offer, or iii) any person acting on behalf of the offering person or such issuer,

4

to any other person under circumstances in which it is
reasonably foreseeable that such communication is likely
to result in the purchase or sale of the securities in
the manner described in paragraph II(1), above, of this
Final Judgment

in violation of Section 14(e), 15 U.S.C. 878n(e), of the Exchange
Act or Rule 14e-3, 17 C.F.R. 8240.14e-3, thereunder.

### III

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the annexed
Consent and Undertakings of defendant David be, and the same
hereby are, incorporated herein with the same force and effect as
if fully set forth herein.

### IV

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that defendant
David shall comply with his undertakings as set forth in the
attached Consent and Undertakings.

### V

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant
David shall disgorge $50,000, such sum representing disgorgement
of profits derived from certain securities transactions alleged in
the complaint by persons who traded in an account, in which
defendant David was to receive a portion of the profits, while in
possession of material nonpublic information which defendant David
misappropriated and conveyed to them improperly.  Such funds are
to be paid in the following manner:

(1)  $2,000 to be paid on or before April 30, 1987;

5

(2)   $5,000 to be paid on April 30 of each succeeding year

for a period of 9 years; and

(3)   $3,000 to be paid on or before April 30, 1997.

## VI

IT IS FURTHER ORDERED ADJUDGED AND DECREED that in addition
to the disgorgement required by paragraph V above, defendant David
shall pay a civil penalty under the Insider Trading Sanctions Act
of 1984 [Section 21(d)(2)(A) of the Exchange Act, as amended, 15
U.S.C. S78u(d)(2)(A)] (the "penalty"), due annually on April 30 of
each year that he is required to pay disgorgement, if his gross
income in the preceding calendar year equals or exceeds $25,000.
In such event, the penalty to be paid shall equal 5% of the
difference between defendant David's gross income in the preceding
calendar year and $5,000.  In no event shall the aggregate amount
of the penalty to be paid by defendant David exceed $100,000 or 2
times the disgorgement required pursuant to paragraph V.

## VII

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all monies
to be paid pursuant to paragraphs V and VI above of this Final
Judgment shall be paid in the following manner:

1)   Such monies shall be paid into the registry of this
Court by certified check or money order, drawn to the
order of "Clerk, United Stated District Court,
S.D.N.Y.", whereupon the Clerk of this Court, or the
financial Deputy Clerk, is hereby directed to deposit
said check into an interest bearing/ MONEY MANAGEMENT account, in the name

6

and to the credit of this Court.

2) A copy of each check to be paid pursuant to this Final Judgment shall be mailed on or before April 30 of each year that defendant David is required to pay disgorgement to the United States Securities and Exchange Commission, 26 Federal Plaza, New York, New York 10278. Attention: Division of Enforcement Litigation Clerk's Office.

3) Interest earned on the account shall be credited to the account, and shall thereafter be treated in the same manner as the deposited sum.

## VIII

IT IS FURTHER ORDERED ADJUDGED AND DECREED that in the event any of the eleven (11) payments due under the disgorgement provision as contained in Paragraph V of this Judgment is in default, David shall have ten (10) days from such default to cure such delinquency. Should defendant David not cure such default within ten (10) days, the Commission may at any time thereafter, in its sole discretion under the then-existing circumstances, declare the entire $50,000 disgorgement, minus any portion of the disgorgement already paid, due and payable thirty (30) days from the declaration date. David shall consent to the entry of a Default Judgment on the declaration date, noting his default and ordering the payment of the entire $50,000 disgorgement, minus any portion of the disgorgement already paid. All such monies due are to be payable pursuant to Section VII of this Judgment.

7

IX

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that if any of the payments due under the civil penalty provision as contained in Paragraph VI of this Judgment is in default, David shall have ten (10) days from such default to cure such delinquency.  Further, should defendant David not cure such default within the ten (10) days, the Commission may at any time thereafter, in its sole discretion under the then-existing circumstances, declare the entire $50,000 disgorgement, minus any portion of the disgorgement already paid, and the amount of the civil penalty in default at that time, due and payable thirty days from the declaration date. David shall consent to the entry of a Default Judgment on the declaration date, noting his default on the civil penalty due and owing at that time and ordering the payment of that outstanding civil penalty as well as the entire $50,000 disgorgement, minus any portion of the disgorgement already paid.  All such monies due are to be payable pursuant to Section VII of this Judgment.

X

**IT IS FURTHER ORDERED** that the distribution of any monies paid by defendant David pursuant to paragraphs V, VI, VIII and IX of this Final Judgment shall be effected according to such plan or terms as will be submitted by plaintiff Securities and Exchange Commission, subject to the approval of this Court, with cost of administration and distribution, if any, to be paid from the deposited disgorgement, penalty plus interest accrued on such deposit.  In no event shall any sums disgorged, penalty paid or

8

interest accrued thereon, be returned to defendant David.

XI

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant David shall provide Plaintiff Securities and Exchange Commission with a copy of his Federal Income Tax Return as filed with the Internal Revenue Service, no later than April 30 for each year that he is obligated to make disgorgement pursuant to Paragraph V, regardless of whether his gross income is sufficient to require payment of penalties under paragraph VI.  Defendant David's Federal Income Tax Returns shall be filed at Plaintiff Securities and Exchange Commission's New York Regional Office, 26 Federal Plaza, New York, New York 10278, Attention: Division of Enforcement Litigation Clerk's Office.

XII

**IT IS FURTHER ORDERED ADJUDGED AND DECREED**  that this Court shall retain jurisdiction of this matter for all purposes.

XIII

**IT IS FURTHER ORDERED** that the movant serve copies of the signed order upon the clerk of the Court (Rm. #18) and upon the Cashier (Rm. #14).

**IT IS EXPRESSLY DIRECTED** pursuant to Fed. R. Civ. P. 54(b) that this judgment be entered.

Rec'd $400 - H/8/95

_____
UNITED STATES DISTRICT JUDGE

IN THE AMOUNT OF 5,000.00

ᴘᴀʏᴀʙʟᴇ ᴛᴏ /11. H T

Dep. 5-6-88

Dated:     New York, New York
           December 18 , 1986

RECEIVED CHECK NO. 20373 DATED 5-1-87

IN THE AMOUNT OF 2,000.00

PAYABLE TO m. H. T

Dep. 5/4/87

## CONSENT AND UNDERTAKINGS
## OF DEFENDANT MICHAEL N. DAVID

1.    Defendant Michael N. David ("David"), having read and understood the terms of the annexed Final Judgment and Order of Permanent Injunction by Consent ("Final Judgment"), appears and admits to the in personam jurisdiction of this Court over him and to the jurisdiction of this Court over the subject matter of this action, waives the filing of Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure with respect to the entry of the annexed Final Judgment, and hereby consents to the entry of the annexed Final Judgment without further notice and admits to the allegations contained in the Complaint of plaintiff Securities and Exchange Commission ("Commission").

2.    Defendant David agrees that this Consent ("Consent") shall be incorporated by reference in and made part of the Final Judgment to be entered against him.

3.    Defendant David waives any right he may have to appeal from the annexed Judgment.

4.    Defendant David enters into this Consent voluntarily and acknowledges that no tender, offer, promise or threat of any kind has been made by plaintiff Commission or any member, officer, agent or representative thereof, to induce his entering into this Consent.

5.    Defendant David acknowledges that a violation of any of the terms or provisions of the Final Judgment may place him in

contempt of this Court and subject him to civil and criminal
sanctions.

6.    Defendant David further acknowledges that he has been
informed and understands that plaintiff Commission, at its sole or
exclusive discretion, may refer or grant access to this matter, or
any information or evidence gathered in connection therewith or
derived therefrom, to any person or entity having appropriate
civil, administrative or criminal jurisdiction.

7.    Defendant David further acknowledges that he has been
informed that plaintiff Commission has not waived and does not
waive its rights to commence, in its sole and exclusive discre-
tion, any civil contempt or criminal contempt proceedings or
actions against defendant David or other entities or persons as a
result of this matter, or any information or evidence gathered in
connection therewith or derived therefrom.

8.    Defendant David further acknowledges that this Consent
embodies the entire understanding of the parties.

9.    Defendant David hereby consents and agrees that the
annexed Final Judgment may be presented by the Commission to the
Court for signature and entry without further notice.

10.    Defendant David further consents that this Court shall
retain jurisdiction in this matter for all purposes.

11.    Defendant David agrees that he will be available upon
reasonable notice to his attorney of record herein to meet with
attorneys for the Securities and Exchange Commission and to
disclose truthfully all information about which Plaintiff Commis-
sion or its staff may inquire; and that he will appear and testify

at any trial or proceeding in this case upon reasonable notice

either to him or to his attorney.

12.  David acknowledges that he has provided Plaintiff

Commission with a sworn Financial Statement dated November 25,

1986, which accurately reflects David's total assets and liabil-

ities as of that date.

_____
MICHAEL N. DAVID

Dated:     New York, New York
           December 18 , 1986

STATE OF New York    )
                     )     ss.:
COUNTY OF New York   )

    On this 18th    day of December              , 1986, before me
personally appeared MICHAEL DAVID, to me known, and known to me to
be the person who executed the foregoing Consent and he acknow-
ledged to me that he executed the same.

_____
NOTARY PUBLIC

MARIA RIORDAN
NOTARY PUBLIC, State of New York
No. 03-4839789
Qualified in Bronx County
Commission Expires March 30, 1987

Rec'd on 5-2-88 the
Amount of 5000.00 in
Form a check Deposited
Into Savings A/c

4-28- Rec'd on 4/28/87 amount of
$2000,00 from Michael. N. David, se
5/4/87- Deposited ck # 3734 in the
account of $2,000 a savings
A/c at M H T Co